Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2445 | **DATE** | 10/9/2003 |
| **CASE TITLE** | Waukegan Community vs. Orix | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, defendant Orix's motion for summary judgment (52-1) is granted as to Count 1 but is otherwise denied without prejudice to further consideration following the Court's receipt of the supplemental memoranda referenced above. The ruling date of 10/23/03 is vacated and reset to 11/6/03 at 9:30 a.m. Orix's alternative motion for summary judgment as to certain co-defendants (52-2) is denied as moot, as those defendants' cross claims were previously dismissed. Plaintiff's motion to amend exhibits was previously granted and therefore terminated (64-1).

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 74 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAUKEGAN COMMUNITY SCHOOL DISTRICT NO. 60, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 02 C 2445 |
| ORIX REAL ESTATE EQUITIES, INC., ) ) | |
| Defendant. ) | |

DOCKETED
OCT 16 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Orix Real Estate Equities, Inc., the successor to Arthur Rubloff and Company (ARC), has moved for summary judgment in its favor on the claims of plaintiffs, Waukegan Community School District No. 60, the City of Waukegan, and various others. The plaintiffs are a group of "potentially responsible persons" who owned and operated the so-called Yeoman Creek Landfill Superfund Site from 1958 through 1969. They incurred expenses in cleaning up the site under the direction of the United States Environmental Protection Agency and sued Orix and others under CERCLA, 42 U.S.C. §§9607(a), 9613(f) & (g)(2), to recover some or all of those expenses. Following a number of settlements, Orix is the only remaining defendant.

From the mid-1960's through the mid-1980's, Orix's predecessor ARC managed the Waukegan Shopping Plaza for the James Cain family, which owned the plaza and adjacent land. Waste was evidently disposed of on the adjacent property, which has come to be known as the Rubloff Landfill. This property was just to the south of a landfill called the Edwards Field

Landfill, which was adjacent to Yeoman Creek. Though the Yeoman Creek Landfill, strictly speaking, was on a separate parcel to the north of the Edwards Field Landfill that straddled the Creek, the United States Environmental Protection Agency caused the three areas to be cleaned up as one, and the overall project was referred to as the Yeoman Creek Landfill Superfund Site. As part of the clean-up, the plaintiffs were required to excavate the Rubloff Landfill and relocate its contents to the Edwards Field Landfill.

The plaintiffs contend that they had nothing to do with the Rubloff Landfill; they want to shift to Orix all or part of the expenses of that aspect of the clean-up. In Count 1, they essentially seek to shift all of those expenses to Orix. The Court agrees with Orix, however, that as "potentially responsible persons" responsible for clean-up of the overall site designated by the EPA, plaintiffs may not maintain a cost recovery action against Orix but instead are limited to a contribution action under 42 U.S.C. §9613(f). *See, e.g., Pneumo Abex Corp. v. High Point, Thomasville & Denton R.*, 142 F.3d 769, 776 (4th Cir. 1998); *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764-65 (7th Cir. 1994). The entire area referred to as the Yeoman Creek Landfill Superfund Site was identified by the EPA as a single facility or site, and plaintiffs have provided the Court with no basis upon which that determination reasonably could be disputed. Orix is therefore entitled to summary judgment on Count 1 of plaintiffs' complaint.

Count 2 sets forth a claim for contribution, in other words a request to shift to Orix its appropriate share of the clean-up costs. Under 42 U.S.C. §9613(f), Orix's liability depends on whether it is liable or potentially liable for response costs under 42 U.S.C. §9607(a). Orix argues that this, in turn, depends on whether ARC operated the Landfill at the time of a release or threatened release of hazardous substances. Orix SJ Mem. at 4, 5, 7; Orix SJ Reply at 10, 12, 13,

2

14. But that is not what the statute says. Though a "release" or "threatened release" is required as a basic predicate for CERCLA liability, to impose liability on a person as an "operator" for clean-up costs following a release or threatened release, the statute does not require the release to have occurred during the time that the person operated the facility. Rather, for purposes of this case the question is whether ARC, "*at the time of disposal of any hazardous substance* owned or operated [a] facility at which ... hazardous substances were disposed of." 42 U.S.C. §9607(a)(2) (emphasis added).

An "operator" is a person or entity that manages, directs, or conducts operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations. *United States v. Bestfoods,* 524 U.S. 41, 66-67 (1998). There is sufficient evidence – indeed, some of it accompanied Orix's motion – to permit a reasonable fact finder to determine that ARC qualified as an operator of the Rubloff Landfill during all, or at least part, of the time it managed the shopping center. *See* DX 23, 24; Cain Dep. 74-76; *see generally* PX D (including correspondence to and from ARC about issues regarding the site).

To establish Orix's liability, plaintiffs must also provide evidence from which one reasonably could find that hazardous wastes were disposed of during the period that ARC arguably operated the property. But because of the way Orix argued the motion – focusing on the timing of a "release" rather than the timing of disposal – plaintiffs responded in kind. Thus the Court does not have the information necessary to determine whether summary judgment is proper. For that reason, Orix's motion is denied as to Count 2.[1]

---

[1] The Court is unsure of the status of Count 3, which sets forth a claim for declaratory relief, so the same ruling applies to that Count.

The denial of Orix's motion as to Count 2, however, is without prejudice. The Court is unwilling to proceed blithely to trial – likely an expensive affair with multiple experts – without some idea of the basis upon which plaintiffs contend that hazardous waste was disposed of at the Rubloff site during the period that ARC is claimed to have operated it. In this regard, the Court does not intend to go treasure-hunting through the undifferentiated mass of paper that plaintiffs provided as part of their response to Orix's motion. The Court therefore directs plaintiffs to file, on or before October 20, 2003, a supplemental summary judgment response which details the evidentiary basis for their contention that hazardous waste was disposed of during ARC's alleged operation of the site (or whatever other basis plaintiffs have for imposing liability on Orix). This is to be done in the same manner as plaintiffs would be required to do in responding to a motion summary judgment – that is, with affidavits, documents, and whatever other admissible evidence plaintiffs can muster. In the same supplemental response, plaintiffs should also provide whatever arguments and authorities they believe support their claim of liability. This supplemental response is limited to ten pages. Defendants are directed to file a supplemental reply, likewise limited to ten pages, on or before October 30, 2003.

## Conclusion

For the reasons stated above, defendant Orix's motion for summary judgment [docket # 52-1] is granted as to Count 1 but is otherwise denied without prejudice to further consideration following the Court's receipt of the supplemental memoranda referenced above. The ruling date of October 23, 2003 is vacated and reset to November 6, 2003 at 9:30 a.m. Orix's alternative motion for summary judgment as to certain co-defendants [docket #52-2] is denied as moot, as those defendants' cross-claims were previously dismissed. Plaintiffs' motion to amend exhibits

[docket #64-1] was previously granted and is therefore terminated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 9, 2003